UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
**FILED**
JAN -9 2014
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.  INDICTMENT NO. 5:14-CR-5-KKC

SHERYL BRUNER

\* \* \* \* \*

THE GRAND JURY CHARGES:

## BACKGROUND

1. At all relevant times **SHERYL BRUNER** was a resident of Jessamine County, Kentucky.

2. At all relevant times the United States Social Security Administration (SSA) administered a cash assistance program for qualifying disabled persons called Supplemental Security Income (SSI). Persons who are unable to be gainfully employed are qualified for SSI benefits when they do not have the income or other financial resources to provide for basic living expenses. A person seeking SSI benefits must fully disclose income and financial resources to the SSA and is under a continuing duty to notify the SSA of changes with regard to these matters.

3. During 2001, **SHERYL BRUNER** applied for disability benefits on the basis of being disabled and unable to engage in gainful employment. In so doing, she

attested to the SSA that she had no substantial property or income. **SHERYL BRUNER** was approved for SSI benefits and began receiving monthly payments in January 2002.

4.  Beginning on a date some time in 2003, **SHERYL BRUNER** began to operate for profit a business, Support Source, which provided services to Medicaid patients to enable them to remain living in their homes. Between 2003 and 2012, **SHERYL BRUNER** received substantial compensation from the operation of this business, which would have disqualified her for receipt of SSI benefits.

5.  Beginning in 2012, **SHERYL BRUNER** contracted with another Medicaid service provider, Rock Arch Refuge, for which she received substantial compensation, which would have disqualified her from receiving SSI benefits.

6.  On several occasions since the inception of her SSI benefits, **SHERYL BRUNER** has attested to her continuing eligibility by stating to the SSA that she continued to be unable to engage in gainful employment and that she did not have substantial property or income. These statements were false in that she had substantial income and had acquired substantial real and personal property that would have disqualified her from receiving SSI benefits.

7.  On or about May 16, 2013, **SHERYL BRUNER** filed a bankruptcy petition in the United States Bankruptcy Court in Lexington, Kentucky, under Chapter 13 of Title 11 of the United States Code. In the petition, **SHERYL BRUNER** declared that she had no cash on hand, had the total of $1,500 of funds in a checking account, and owned only one automobile. These declarations were false in that the defendant had a

large amount of cash on hand, possessed a large amount of funds in various bank and trust accounts, and owned several automobiles.

## COUNT 1
## 18 U.S.C. § 641

1. The allegations contained in the Background are restated and incorporated herein by reference.

2. From on or about a date in 2003, and continuing until on or about a date in late 2013, in Jessamine County, in the Eastern District of Kentucky,

### SHERYL BRUNER

willfully and knowingly did steal, purloin and convert to her own use property of the United States, that is, SSI benefits in excess of $1,000, to which she knew she was not entitled, all in violation of 18 U.S.C. § 641.

## COUNT 2
## 42 U.S.C. § 1383a(a)(3)

1. The allegations contained in the Background are restated and incorporated herein by reference.

2. From on or about a date in 2003, and continuing until on or about a date in late 2013, in Jessamine County, in the Eastern District of Kentucky,

### SHERYL BRUNER,

in a matter within the jurisdiction of the SSA, having knowledge of the occurrence of events affecting her initial and continued right to SSI benefits, concealed and failed to disclose such events, that is, her business and employment income and her acquisition of


substantial property, with intent to fraudulently secure payment in a greater amount than due, all in violation of 42 U.S.C. § 1383a(a)(3).

## COUNT 3
## 18 U.S.C. § 1001

1. The allegations contained in the Background are restated and incorporated herein by reference.

2. On or about July 11, 2013, in Jessamine County, in the Eastern District of Kentucky,

**SHERYL BRUNER,**

in a matter within the jurisdiction of the SSA, that is, a redetermination of eligibility for SSI benefits, did knowingly and willfully make materially false, fictitious and fraudulent statements and representations, including, among others,

    a) that she continued to be disabled;

    b) that she owned only one automobile;

    c) that she had no money or any other type of resource; and

    d) that she did not receive any type of income,

all in violation of 18 U.S.C. § 1001.

## COUNT 4
## 18 U.S.C. § 152(3)

1. The allegations contained in the Background are restated and incorporated herein by reference.

2. On or about May 16, 2013, in Fayette County, in the Eastern District of

Kentucky,

## SHERYL BRUNER

knowingly and fraudulently made a material false declaration, certificate and verification under the penalty of perjury, as permitted under Section 1746 of Title 28, and in relation to a case under Title 11, *In re Sheryl Ann Bruner*, No. 13-51267, by submitting a Schedule of Real and Personal Property in which the defendant fraudulently omitted and failed to disclose all of the cash she had on hand, all of the bank and trust accounts she maintained or controlled, all the vehicles she owned, and a piece of real estate she owned, all in violation of 18 U.S.C. § 152(3).

## FORFEITURE ALLEGATION
## 18 U.S.C. § 981(a)(1)(C)
## 28 U.S.C. § 2461

As a result of the offenses alleged in Counts 1 and 4, **SHERYL BRUNER** shall forfeit to the United States all property, real and personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 152 and 18 U.S.C. § 641, including, but not limited to:

### MONEY JUDGMENT

A sum equal to the gross proceeds in aggregate obtained by the Defendant as the result of the aforesaid violations.

By virtue of the commission of the felony offenses charged in Counts 1 and 4 of this Indictment, any and all interest the above listed defendant has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

If any of the property listed above, as a result of any act or omission of the defendant,

    (1)    cannot be located upon the exercise of due diligence;
    (2)    has been transferred or sold to, or deposited with, a third party;
    (3)    has been placed beyond the jurisdiction of the Court;
    (4)    has been substantially diminished in value; or
    (5)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek the forfeiture of any other property, real or personal, in which the defendant has an interest, up to the value of the above forfeitable property.

                                          **A TRUE BILL**

_____  
**KERRY B. HARVEY**  
**UNITED STATES ATTORNEY**

## PENALTIES

**COUNT 1:** Not more than 10 years imprisonment, $250,000 fine, and 3 years supervised release.

**COUNT 2:** Not more than 5 years imprisonment, $250,000 fine, and 3 years supervised release.

**COUNT 3:** Not more than 5 years imprisonment, $250,000 fine, and 3 years supervised release.

**COUNT 4:** Not more than 5 years imprisonment, $250,000 fine, and 3 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.

**PLUS:** Forfeiture of listed assets.