UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>SHERYL BRUNER,<br><br>    Defendant. | CRIMINAL ACTION NO. 5:14-CR-5-KKC<br><br><br>**MEMORANDUM, OPINION, AND ORDER** |

*** *** ***

This matter is before the Court on defendant Sheryl Bruner's motion for an order releasing seized funds. (DE 26). For the reasons discussed below, Bruner's motion is denied.

On December 5, 2013, state officials executed a search warrant on Bruner's residence and seized approximately $223,000 in cash. (DE 26, p. 1). Bruner lives with her disabled mother, Mary Jane Newton, and her mentally disabled adult sister, Kimberly Flora. According to Bruner the $223,000 is "Ms. Newton's entire life savings." (DE 26, p. 2). Further, "Defendant has no ownership interest in the cash and only has accessed it to provide care for Ms. Newton and Ms. Flora." (DE 26, p.2). At a February 20, 2014 hearing, counsel for Bruner confirmed that Bruner claims no ownership interest in the money.

Bruner now asks the Court to release the funds to Newton so that Newton and Flora can afford their medical care. Bruner urges the Court to use its equitable powers to ensure that Newton and Flora are able to receive the funds that they need. However, the Court's power is not without bounds. Article III standing is a requirement for any action brought in federal court. *See United States v. Vehicle 2007 Mack 600 Dump Truck, VIN 1M2K189C77MO36428*, 680 F.

Supp.2d 816, 822 (E.D. Mich. 2010).  As in the case of a forfeiture action, Bruner must "have at least a facially colorable property interest in the proceedings sufficient to satisfy Article III's 'case-or-controversy' requirement." *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 498 (6th Cir. 1998).  Bruner has admitted that she has no such interest.

While the Court is mindful of the disabilities of Newton and Flora, Article III standing requirements do not prejudice even the classes of individuals that receive greater protection from either legislation or the courts.  *See United States v. Carolene Prods. Co.*, 304 U.S. 144, fn. 4 (1938) (noting the potential problems raised by laws prejudicing "discrete and insular minorities").  As the Supreme Court has indicated with regard to Article III standing, "[t]he necessity that the plaintiff who seeks to invoke judicial power stand to profit in some personal interest remains an Art. III requirement. A federal court cannot ignore this requirement without overstepping its assigned role in our system of adjudicating only actual cases and controversies." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 39 (1976).

Since Bruner denies an interest in the funds, Bruner lacks standing, and therefore, the Court is unable to provide her with the relief she seeks.

Accordingly, Bruner's motion for release of funds (DE 26) is **DENIED**.

This 17th day of March, 2014.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY