UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:14-cr-05-KKC |
| Plaintiff, | |
| V. | OPINION & ORDER |
| SHERYL BRUNER, | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

Defendant Sheryl Bruner is a prisoner confined at FPC Alderson. She has filed a letter, dated March 2, 2017, "ask[ing] the Court to appoint a public defender to assist [her] in the presentation of a motion outlining [her] need for a compassionate release/reduction in sentence." (DE 126, at 2). Bruner seeks compassionate release/a reduction in her sentence so that she, as the only surviving family member, can care for her sister and mother, both of whom suffer from severe and debilitating medical conditions and require constant medical attention. (DE 126, at 1). Her motion will be denied.

In most cases, once a court has imposed a sentence it does not have the authority to change or modify that sentence unless granted authority by statute. *United States v. Hammond*, 712 F.3d 333, 225 (6th Cir. 2013) (citing *United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008)). Such authority to modify a sentence is expressly conferred, and circumscribed, by Section 3582 of Title 18. That statute provides, in pertinent part, that:

> The court may not modify a term of imprisonment once it has been imposed except that—

1

**(1)** in any case--

**(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

**(i)** extraordinary and compelling reasons warrant such a reduction; or

**(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

**(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

**(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). *See also Freeman v. United States*, 564 U.S. 522, 526 (2011) ("Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions.").

The Court construes Bruner's letter to seek counsel to file a motion seeking a compassionate release as permitted under 18 U.S.C. § 3582(c)(1)(A)(i). However, appointment of counsel is not necessary in this case. The Court is aware of no case that has considered whether a defendant is entitled to counsel when filing under § 3582(c)(1)(A). Courts have considered, however, whether defendants are entitled to counsel as a right when filing under § 3582(c)(2), and have found that no such constitutional right exists. *See United States v. Huffman*, No. 6:08-34-DCR, 2015 WL 3619902, at *1 n.1 (E.D. Ky. June 9, 2015) (citing *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir.1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001)). This is because a motion filed under § 3582(c)(2) "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). It does not "entitle [a prisoner] to appointed counsel." *Id.*

The import of that logic applies to this case. Unlike § 3582(c)(2), here § 3582(c)(1)(A) provides a vehicle for the BOP, not for prisoners, to urge a court to reduce a sentence. *See* § 3582(c)(1)(A)(I) (providing that a federal court may, "*upon motion of the Director of the [BOP]*, . . . reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction") (emphasis added). Instead, a federal prisoner begins the process by requesting a compassionate release from the Warden. 28 C.F.R. § 571.61. If the Warden determines that a compassionate release is warranted, his recommendation will be

reviewed by the BOP's Regional Director, Central Office, and Medical Director, and Director. 28 C.F.R. § 571.62(a)(1)–(3). If the Director of the BOP grants a compassionate release request under 18 U.S.C. § 3582(c)(1)(A), he will contact the U.S. Attorney in the district in which the inmate was sentenced and ask the attorney to file a motion in the sentencing court seeking a reduction of the inmate's sentence "to time served." 28 C.F.R. § 571.62(a)(4). Bruner's role begins and ends with filing the original request for compassionate release from the Warden. The statute directs the BOP and the U.S. Attorney to handle the rest. Section 3582(c)(1)(A) does not provide a vehicle for prisoners to directly petition the court. A prisoner can initiate the process, but the vehicle built by Congress to seek relief on compassionate relief is reserved solely for the BOP. Thus, because § 3582(c)(1)(A) does not provide a way for defendants to directly "urge the court," it stands to reason that a defendant filing under § 3582(c)(1)(A), whose role is much more attenuated than a defendant filing under § 3582(c)(2), does not have a constitutional right to counsel. The decision whether to appoint counsel, instead, falls within this Court's discretion. *Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

This case does not constitute the requisite exceptional circumstances needed for this Court to grant Bruner's request for counsel. *See Johnson v. City of Wakefield*, 483 F. App'x 256, 206 (6th Cir. 2012) (citing *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993)). Such a procedure that places broad grant of discretion with the BOP—and not with this Court, as does § 3582(c)(2)—does not justify appointing counsel, even without a constitutional right to have one. Bruner has demonstrated that she is able to articulate her claims and otherwise prosecute this action, and her claim does not contain the exceptional factual and legal complexity so as to justify the appointment of counsel. Moreover, Bruner's role in seeking compassionate release is limited to her ability to request a compassionate release from the Warden. And, as noted above, the Court could not consider a motion seeking

compassionate relief if she filed one directly to this Court; just as this Court lacks the jurisdiction to review a defendant's attempt to challenge a BOP decision not to grant a compassionate release, *see Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir. 2011), it cannot consider the same motion brought by a defendant on the front end either because only the BOP can bring the motion for compassionate release. To appoint counsel to help her file such a motion before this Court would be futile, and to the extent that Bruner wishes for this Court to appoint counsel to help her apply to the BOP for a compassionate release, such a request, especially considering Bruner's demonstrated ability to seek relief, does not justify appointing counsel.

Bruner is free to initiate the compassionate release process, but her case is not one of such exception circumstance to warrant the appointment of counsel. Therefore, Bruner's motion to appoint counsel (DE 126) is **DENIED**.

Dated March 21, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY